UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE BRIGGS, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-00911 |
| v. | (RAMBO, J.)<br>(SAPORITO, M.J.) |
| SMU COUNSELOR, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This is a federal civil rights action, brought by a *pro se* former prisoner against three unidentified employees of the Federal Bureau of Prisons ("BOP"), arising out of conditions of confinement prior to his release from prison.

The complaint in this action was filed upon delivery to the Clerk on May 19, 2021. (Doc. 1.) Because the complaint was not accompanied by either payment of the requisite $402 filing and administrative fees or a motion for leave to proceed *in forma pauperis* in this action, an administrative order was issued by the Clerk, directing the plaintiff to pay the fee or submit an application for leave to proceed *in forma pauperis* within 30 days. (Doc. 3.)

Having received no response from the plaintiff, the Court dismissed

the action on June 30, 2021. (Doc. 4.) One week later, on June 7, 2021, the Clerk received and processed a postal money order from the plaintiff made out in the full amount due—$402. (Doc. 5.)

On September 20, 2021, the plaintiff filed the instant *pro se* letter-motion requesting that the Court reconsider its dismissal order and re-open the case, which we have liberally construed as a motion filed under Fed. R. Civ. P. 60(b).[1] (Doc. 7.) In his letter-motion, the plaintiff represented that he mailed his $402 postal money order on May 26, 2021—the date it was issued—and he attributed its late delivery to the United States Postal Service. He also included a photocopy of his receipt for the postal money order, which clearly identifies the payee as the Clerk of this Court, and the date of issuance as May 26, 2021.

Here, it appears that the plaintiff acted diligently in attempting to comply with the time constraints imposed by the administrative order, mailing full payment of the requisite filing and administrative fees approximately three weeks *before* the deadline established by that order.[2]

---

[1] A motion to reopen is a dispositive motion requiring us to issue a report and recommendation. *Yunik v. McVey,* Civil Action No. 2:08-cv-1706, 2013 WL 3776794, at *2 (W.D. Pa. July 17, 2013).

[2] We note also that the plaintiff resides in Connecticut, making an over-the-counter tender of the filing and administrative fees impractical.

Yet, for reasons apparently attributable to the postal service, the Clerk's receipt of that payment was delayed until nearly three weeks *after* the deadline. Moreover, no apparent prejudice to the unnamed defendants would result from re-opening this case.

Under the circumstances presented, we find reconsideration of the dismissal order and re-opening of this case appropriate under Fed. R. Civ. P. 60(b)(1). *See Lewis v. Alexander*, 987 F.2d 392, 396–97 (6th Cir. 1993). Alternatively, we find it appropriate under that same rule's catchall provision. *See* Fed. R. Civ. P. 60(b)(6).

Accordingly, it is recommended that:

1. The plaintiff's *pro se* motion for reconsideration (Doc. 7) be **GRANTED**;

2. The Court's dismissal order (Doc. 4) be **VACATED**

3. The Clerk be directed to **RE-OPEN** this case; and

4. The matter be remanded to the undersigned for further proceedings.

Dated: September 22, 2021             *s/Joseph F. Saporito, Jr.*
                                      JOSEPH F. SAPORITO, JR.
                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE BRIGGS, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-00911 |
| v. | (RAMBO, J.) <br> (SAPORITO, M.J.) |
| SMU COUNSELOR, et al., | |
| Defendants. | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated September 22, 2021. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: September 22, 2021         ***s/Joseph F. Saporito, Jr.***
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge